Scileppi, J. (dissenting).
In the case before us, the same Judge who took the plea also denied the request to withdraw it. He was in a position to consider all of the attending circumstances in both proceedings and to make a determination of defendant’s contentions on the merits. The Judge heard both the defendant and his attorney and considered the alleged reasons for defendant’s application to withdraw. This was tantamount to a hearing at which the sole fact question before the court was whether the defendant was applying to withdraw his plea because of his misunderstanding of what transpired at the plea taking proceeding and because of his claim of innocence or whether, in fact, his only motivation for seeking to withdraw the plea was fear of deportation.
After a full opportunity was given to both defendant and Ms attorney to be heard in support of defendant’s contentions, the court resolved the factual issue against him, and it is my opinion that it is beyond our power to review that determination. Moreover, the suggestion that, at the very least, further hearing should be had is untenable, since the issue was a narrow one requiring no further inquiry.
Finally, I would only add that the majority’s disposition herein, allowing the defendant to withdraw his plea on Ms bare allegation of misunderstanding, is tantamount to enabling all defendants to withdraw guilty pleas at will. Such a practice can only add to the already substantial delays existing in our criminal courts.
Accordingly, the judgment appealed from should be affirmed.
Chief Judge Fuld and Judges Burke, Bergan, Breitel and Gibson concur in memorandum; Judge Scileppi dissents and votes to affirm in an opinion in which Judge Jasen concurs.
Judgment reversed and case remitted to Supreme Court, New York County,, for further proceedings in accordance with the memorandum herein.